Edward MOSLEY, Jr., Plaintiff-Respondent,

v.

ST. LOUIS PUBLIC SERVICE COMPANY, a Corporation, Defendant-Appellant.

No. 45850.

Supreme Court of Missouri, Division No. 1.

April 8, 1957.

Motion for Rehearing or to Transfer to Court en Banc Denied May 13, 1957.

Robert E. Staed, Clayton, for appellant, Lloyd E. Boas, St. Louis, of counsel.

William R. Kirby, St. Louis, for respondent.

HOLMAN, Commissioner.

Action by plaintiff to recover damages for personal injuries alleged to have been sustained when one of defendant's streetcars struck a parked truck in which he was seated. A jury returned a verdict for plaintiff in the sum of $300. Plaintiff filed a motion for new trial which the trial court sustained. Defendant has appealed from that order. Since the prayer of plaintiff's petition is for $20,000 it would appear that we have jurisdiction by reason of the "amount in dispute." Article V, Section 3, Constitution of Missouri 1945, V.A.M.S.

Plaintiff was employed by the H. C. Schoenberg Construction Company as a carpenter and carpenter-foreman. On the morning of October 5, 1953, he and Bobby Schoenberg (son of H. C. Schoenberg) stopped at 120 South Central Street in Clayton, Missouri, to pick up some building materials needed for an emergency job in downtown St. Louis. Their truck was parked between defendant's northbound tracks and a barricade around some sand that had been placed in the street. A tool box on the west side of the truck created about a two-inch overhang beyond the ordinary truck body. After the materials had been loaded in the truck plaintiff entered the cab and was seated on the passenger side. Bobby then started around the front of the truck to enter on the driver's side. At this point they each heard a streetcar bell clang three times and almost simultaneously the streetcar struck the truck. The first few feet of the streetcar had cleared the truck but it appeared that the rear jamb of the front door had struck the tool box on the truck. The force of the impact drove the truck forward and to the right so that it stopped on the curb.

In the collision plaintiff was knocked to the floor of the truck. Some one opened the door and he got out "dazed and shaken." Bobby was apparently hit by the forward motion of the truck and received injuries which required that he immediately be moved, by ambulance, to a hospital. Plaintiff continued to work for several hours but began to feel so badly that Mr. Schoenberg sent him home and had Dr. Richtarsic call and treat him. Later he was treated by Dr. Ford who testified that in his opinion plaintiff had a mild injury to the lumbosacral intervertebral disc. In addition to medicine and a board under his mattress, Dr. Ford prescribed a corset which plaintiff wore for six months and occasionally thereafter.

Plaintiff lost about four days' work and then returned to supervisory work. He stated that for some time he could not do any lifting or bending. At trial time he was able to "get around pretty good" but he would have recurrences when his back would bother him; that there had not been a day since the injury that he had been entirely free of pain in his back. Other facts will be stated in connection with a discussion of the merits of the issue presented upon this appeal.

The trial court sustained plaintiff's motion for new trial upon the sixth ground assigned therein, which is as follows: "Because defendant's counsel in his closing argument exceeded the bounds of legitimate advocacy by making prejudicial, improper and misleading statements and accusations in his arguments to the jury as to constitute reversible error, and the court erred in overruling plaintiff's objection thereto and that said argument was so prejudicial, improper and misleading, that plaintiff did not receive a fair and impartial verdict in said case." We should here notice the other six grounds specified in the motion. They are, "1. Because the verdict is against the evidence. 2. Because the verdict is against the weight of the evidence. 3. Because the verdict is against the law. 4. Because the verdict is against the law and the evidence and the law under the evidence. 5. Because the verdict is grossly inadequate. * * * 7. Because the verdict of the jury was not based upon the evidence and the instruc-

tions of the court, but were contrary thereto, based upon bias and prejudice against this plaintiff."

The statements complained of were made by defendant's counsel immediately following a discussion in his argument of the instruction on credibility of witnesses and the duty of the jury to consider the interest of the witnesses and the credit to be given their testimony, and were as follows:

"Mr. Staed: And, who has a greater interest in the outcome of this lawsuit than Ed Mosley? And, apparently from what I have seen of it, and what you have seen of it too, now, somebody has kind of been master-minding it. He isn't here now, but Mr. Schoenberg has been in court and has been pretty active in it—

"Mr. Kirby: I object to that on the ground that Mr. Schoenberg was under subpoena to produce records, and was only excused—

"Mr. Staed: That's a highly improper argument, and I ask that the jury be discharged and a mistrial be declared.

"Mr. Kirby: I would like to make a record.

"The Court: I will overrule the objection and deny your request.

"Mr. Staed [continuing the argument]: Mr. Schoenberg appeared here as a witness, put on by Mr. Kirby, and I asked him about his records and, as far as I am concerned, you heard enough from what he said about his records, that there was nothing further to be proven by them. Yes, we had him under subpoena, but the only thing I wanted to prove was, when Ed Mosley said he wasn't paid for the time he was off, it has turned out he was paid; and, Mr. Schoenberg said he thought he was paid."

Thereafter, in at least two instances, without any objection being made, defendant's

attorney referred to the activities of Mr. Schoenberg in the case and stated that the jurors "have seen Mr. Schoenberg running this lawsuit."

In his closing argument the attorney for plaintiff attempted to answer the questioned argument, stating, "What do they want? Do they want Mr. Schoenberg to stay out of the courtroom entirely and not tell you the distance this truck was. knocked? Do they want him to stay out of the courtroom and not tell you what he saw out there? * * * I think maybe Mr. Mosley did need somebody to direct his lawsuit because, when you are up against a defendant who will come in" etc.

After the jury had retired to consider its verdict the following occurred:

"Mr. Kirby: I would like to make a record.

"The Court: Very well.

"Mr. Kirby: I would like at this time to make my objection that I was not permitted, during Mr. Staed's closing argument, referring to Mr. Schoenberg, in that it is so unfair for him to have a witness under subpoena, and then accuse the witness of hanging around the courtroom.

"The Court: If that was the case, then of course, it was wrong, it should never be resorted to; but, there was nothing in this record to show this man was under subpoena."

It will be noted that the objection stated at that time was substantially the same as the one made during the argument. However, the foregoing does indicate that the court was under the erroneous impression that the record did not show that Mr. Schoenberg was under subpoena by defendant. Actually, that fact was brought out while the witness was being cross-examined in regard to the question (of which he was in doubt) as to whether he had deducted from plaintiff's pay check because of the three or four days plaintiff had not

worked following his injury. It appears in the following: "Q. Would you be good enough to check back and then we can serve a subpoena on you? As a matter of fact we did serve a subpoena duces tecum on you for the records? A. Yes, but I just got the subpoena and haven't had a chance to check back." We have no doubt but that the trial court had the view that it had been caused to make an erroneous and prejudicial ruling as a result of this misunderstanding as to the evidence and hence the order granting a new trial followed.

Defendant here contends that the court sustained plaintiff's motion for a reason that did not exist and therefore the order was an abuse of discretion because no error was committed. It is also asserted that, even if it is assumed that the ruling of the trial court was error, such was not prejudicial and hence would not justify the order for a new trial.

Plaintiff, of course, argues that the court properly granted the new trial and in so doing plaintiff seeks to attach certain implications to assignment No. 6 in the motion which we do not think exist. His argument runs in this manner. It is said that since plaintiff received a verdict he prevailed on the issue of negligence, and, since the court found that because of its error in overruling the stated objection, "plaintiff did not receive a fair and impartial verdict," it must necessarily follow that the court found that the amount of the verdict was inadequate. It is next said that a ruling that the verdict is inadequate is equivalent to holding that it is against the weight of the evidence. We are then asked to go one step farther and follow the general rule that an appellate court may not ordinarily interfere with the action of the trial court in granting a new trial on that ground.

■ As stated, we think plaintiff's reasoning in the foregoing respects is erroneous. It does not reasonably appear that the ruling of the trial court indicated a finding that the verdict was against the weight of the evidence or that the amount thereof was sufficiently inadequate to require a new trial. These two grounds were separately stated and constituted assignments Nos. 2 and 5 of the motion. If the trial court had considered that these grounds were meritorious it is reasonable to assume that they would have been specifically included in the order granting the motion for new trial. Upon appeal, an order sustaining such a motion upon stated grounds is treated as having the effect of overruling the motion as to other grounds set forth therein. Smith v. Kansas City Public Service Co., 328 Mo. 979, 43 S.W.2d 548. It thus becomes apparent that we could not follow the foregoing contentions of plaintiff without placing the trial court in the inconsistent position of having overruled the motion upon the two grounds heretofore mentioned, and in the next breath having sustained the motion upon the same grounds by reason of the implications plaintiff contends are necessarily inherent in assignment No. 6. Obviously, this was not the intention of the trial court.

We think it is clear that the reference of the trial court to the failure of plaintiff to receive a fair and impartial verdict was an indication that the modest amount of the verdict was considered in connection with determining that the argument in question and the ruling of the court thereon was prejudicial. We therefore rule that the sole question for our determination is whether the action of the court in overruling the objection to the argument complained of was error and, if so, whether such was prejudicial to plaintiff.

■ It is always proper in the argument of a case to refer to the interest of witnesses. In the instant case, however justifiable and understandable it may have been, there can be no question but that Mr. Schoenberg was quite active in looking after the welfare and interests of plaintiff. In this connection it should be noted that he considered plaintiff a valuable em-

ployee and that he probably paid plaintiff for the days he did not work following the accident. It further appears that immediately after the collision Mr. Schoenberg made certain measurements at the scene and engaged a commercial photographer to make pictures of the vehicles involved, etc. Later that day he sent Dr. Richtarsic to plaintiff's home to examine and treat plaintiff for the injuries received in the collision. Some months thereafter, Mr. Schoenberg sent plaintiff to Dr. Ford for further examination and treatment. At the trial, in addition to the facts just stated, he testified to certain observations indicating plaintiff's partial disability after returning to work. The foregoing is sufficient to demonstrate that Mr. Schoenberg could very properly be referred to as an interested witness (favorable to plaintiff), and his activities were a proper subject for comment in the argument.

Moreover, it should be noted that at the time the objection in question was made, the only reference that had been made to the attendance of Mr. Schoenberg at the trial was, "He isn't here now, but Mr. Schoenberg has been in court * * *." No statement had been made as to whether he had been subpoenaed, or by whom, or the length of time he had spent in the courtroom. He was not accused of "hanging around the courtroom," as argued by plaintiff's attorney when he made his record at the conclusion of the trial. The fact is that he had appeared in court in order to testify as a witness for plaintiff (and did so testify), and defendant caused him to be served with a subpoena duces tecum while attending the trial. Furthermore, the jury could not have been misled by what was said because it had been developed in the testimony that defendant had subpoenaed this witness and, additionally, in the argument immediately following the objection in question, defendant's attorney stated, "Yes, we had him [Schoenberg] under subpoena." For the reasons stated, we rule that the argument in question (being supported by the evi-

dence) was not improper or misleading and hence no error was committed by the trial court in overruling the objection thereto. That being true, it follows that the trial court erred in granting a new trial.

The order sustaining plaintiff's motion for new trial is reversed and the cause is remanded with directions to reinstate the verdict and judgment for plaintiff.

VAN OSDOL and COIL, CC., concur.

PER CURIAM.

The foregoing opinion by HOLMAN, C., is adopted as the opinion of the court.

All concur.