Ray SMITH, Appellant,

v.

Larry P. COURTER, M.D., et al., Respondents.

No. 58951.

Supreme Court of Missouri, En Banc.

Jan. 12, 1976.

James W. Jeans and Lantz Welch, Kansas City, for appellant.

Donald E. Raymond, and Dean F. Arnold, Kansas City, for respondents.

BARDGETT, Justice.

This appeal involves the opening portions of a closing argument to the jury made by plaintiff-appellant's attorney (hereinafter plaintiff) which allegedly improperly injected punitive damages into the case. After opinion by the Missouri court of appeals, Kansas City district, defendants-respondents (hereinafter defendants) petitioned this court for transfer. The motion was sustained and the appeal transferred pursuant to Art. V, sec. 10, Mo.Const., as amended 1970.

Portions of the court of appeals opinion are utilized without use of quotation marks.

In this malpractice suit, plaintiff originally sought damages from the defendant radiologists and also from a surgeon who was an additional defendant. After two days of trial, plaintiff settled with the surgeon for $5,000. The case against the defendant radiologists was submitted to a jury, which returned a verdict for $105,000.

Defendants moved for a new trial, asserting 19 separate grounds. The court granted the new trial on the single ground that the closing argument of plaintiff's counsel improperly injected an issue of punitive damages. On plaintiff's appeal, he argues that the trial court erred in so ruling, because defendants had not made sufficient objection to the argument; because the argument itself was not improper; and because in any event the error, if any, was harmless.

The portions of the argument which the trial court found objectionable, together with the objections made by defendants' counsel and the trial rulings are as follows:

"I think also that when you sit on a case like this, I think from the very beginning you realize that your conduct in this case is important to your community as well as to the litigants here, and I think that as you weigh that you will realize that as you sit here as a collective group of 12 people you are speaking as the conscience of our community when you pass upon issues such as this. By your verdict you can speak out about your feelings as to the quality of medical care—

"MR. ARNOLD: That's objected to as being argument outside the issues.

"MR. WELCH: I think this is appropriate—

"MR. ARNOLD: That depends on the evidence in this case.

"MR. WELCH: I think this is appropriate argument, Your Honor.

"THE COURT: The objection is overruled, but the Jury is instructed to follow the evidence as presented and the Instructions of the Court."

\*    \*    \*    \*    \*    \*

"Well, you, by the adequacy of this verdict, can accomplish several things. One, you can say, I recognize you, Ray Smith, for who you are, what you are, what your problems are, and the totality of your being and that you're not an irresponsible man, and we know it's humiliated you to have to go through these proceedings, for your life to be an open book for the last five years when you filed a lawsuit; we know these things. You can also say, through the adequacy of your verdict, Lockwood—and anybody else that reads about it or hears about it—improve the quality of what you sell—

"MR. ARNOLD: That's objected to as improper argument.

"MR. WELCH: Your Honor, this is argument, and—May I proceed?

"MR. ARNOLD: Well—

"THE COURT: Just a minute.

"MR. ARNOLD: May I have a ruling on my objection?·

"MR. WELCH: I think the Court has already ruled—

"THE COURT: No, I haven't. Objection will be overruled. You have three minutes.

"MR. WELCH: Thank you. You can say, Improve the quality of the product you're selling. You see?"

Appellant contends the objection made by defendants' attorney was inadequate to advise the court and plaintiff's counsel of any complaint of error.

The trial court considered these contentions in detail as well as the more substantive contentions that the argument did not inject punitive damages into the case, as well as the issue of resulting prejudice, and in its order granting a new trial stated:

"Although only general objection was made by defendants' counsel to the portion of the argument last quoted, objection to the first quoted portion was made on the grounds of 'outside the issues' and the Court was in fact sufficiently apprised of and aware of the reason for the objection to the second quoted portion as well as to the first quoted portion.

"2. By allowing the aforementioned argument, over the objection of defendants, this Court allowed plaintiff to inject punitive damages into the case, such damages being outside the issues.

"As indicated by the punitive damage instruction in Sec. 10.01 of M.A.I. (2nd Ed.), where punitive damages are proper the jury 'may award plaintiff an additional amount as punitive damages in such sum as you believe will serve to punish defendant and to deter him and others from like conduct.'

"By the improper argument the jury was in effect told that 'through the adequacy of your verdict' you can deter defendants and others from like conduct.

"3. By this Court allowing the improper argument defendants have been prejudiced and they were deprived of a fair trial."

While the objections made by defendants' counsel were not as precise as they might have been, they were sufficient to raise and preserve the point upon which the new trial was granted. Plaintiff had chosen to submit his case on a request for compensatory damages only. He had made no allegation or prayer nor had he submitted any instruction pertaining to any

claim for punitive damages. So, if plaintiff's jury argument truly injected the issue of punitive damages, as held by the trial court, then the argument was indeed "outside the issues" and defendants' objection was correct.

The court of appeals agreed with the trial court's assessment of plaintiff's argument saying,

"That the argument did in fact inject the element of punitive damages, cannot well be doubted. It clearly called upon the jury to impose damages of such a size as to deter defendants and others from engaging in the future in the same type of defective medical service. This falls squarely within the scope and purpose of punitive, not compensatory, damages. *State ex rel. Smith v. Greene*, 494 S.W.2d 55, 60 (Mo. banc 1973); MAI 10.01. The trial court was, therefore, correct in holding this argument to be erroneous."

While, on a cold record, it may be debatable as to whether or not plaintiff was intending to exhort the jury to include in its verdict a sum of money in addition to compensation for injuries sustained, which sum would be for the purpose of deterring defendants from similar future conduct and to deter others from like conduct, it is clear that the trial judge believed it to be just that—a plea for punitive damages—and for that reason ordered a new trial.

In *Graves v. May Department Stores Co.*, 153 S.W.2d 778 (Mo.App.1941), cited by plaintiff, the reviewing court upheld the trial court's refusal to grant a mistrial to the defendant when plaintiff, over defendant's objection, argued that the way to get the defendant to replace its escalator with a better type was to bring in a ringing verdict that the defendant would long remember. The trial court thereupon cautioned the jury with respect to damages and overruled the motion for mistrial. The jury awarded plaintiff a verdict of $600.00.

On appeal, the court said at l.c. 785:

"Questions relating to the conduct of a trial have, from the wisdom gathered by

long experience, been left by appellate courts largely to the discretion of the trial judge. The only proper ground for interference by an appellate court is when it clearly appears that there has been an abuse of such discretion. We hold there was no abuse of discretion by the trial judge in refusing to declare a mistrial on account of the incident referred to."

In the instant case we have a jury argument which the trial court held injected punitive damages into the case.

The court holds that the trial court's understanding of plaintiff's argument was reasonable and not an abuse of discretion.

Plaintiff's contention that the argument did not inject punitive damages into the case is overruled.

After holding that plaintiff's argument did erroneously inject punitive damages into the case, the court of appeals said:

"There remains for consideration, however, the much more troublesome question of whether this error resulted in prejudice to the defendants. Plaintiff argues that any error in a jury argument concerning damages can be prejudicial only if it results in an excessive verdict; that the argument here in question did in fact go only to damages; and that since the trial court did not find the amount of damages to be excessive, it follows that there was no prejudice."

The court of appeals then held that where defendants failed to assume the burden of demonstrating that the trial court erred in failing to find excessiveness, the erroneous argument would not be held prejudicial.

The defendants did allege excessiveness of the verdict in their motion for new trial and the Court of Appeals was correct in holding that where the trial court grants a new trial on a specified basis, as it did here, that ruling is deemed to constitute an overruling of all other grounds asserted in the motion for new trial. *Burnett v. John-*son, 349 S.W.2d 19, 24 (Mo.1961); *Took v. Wells,* 331 Mo. 249, 53 S.W.2d 389 (1932); *Hoehn v. Hampton,* 483 S.W.2d 403, 407 (Mo.App.1972); *Mosley v. St. Louis Public Service Co.,* 301 S.W.2d 797, 800 (Mo.1957).

This court does not believe the issues on this appeal are wholly controlled by the cases noted supra. What the amount of the jury's verdict would have been had the jury not been invited to include a punitive sum in its verdict would be pure speculation. What did happen is that the jury was told it could include as part of its compensatory damage award a punitive amount of money. How much, if any, of the amount of the verdict represents the jury's response to plaintiff's invitation cannot be determined nor can the amount of the verdict in this case be considered so low from a compensatory standpoint as to render the error harmless.

Plaintiff argues that "asking jurors to speak out on social issues through their verdicts is a legitimate invitation recognized as such by custom and usage that transcends the memory of man. Declare it erroneous, and every criminal conviction in the state must be reversed."

"Social issues" is a broad phrase that may encompass many ideas and concepts, some of which may be the subject of legitimate argument in a compensatory damage suit. The court's ruling in this case does not purport to cover the spectrum of "social issues" but is directed solely to the point in issue which is the legality of an argument for punitive damages in a compensatory damage case.

The trial court did not view or understand plaintiff's argument to be a request for damages adequate to compensate for injury and expense but rather a request for a money verdict adequate to satisfy those items and also adequate to perform the function of deterring others from like conduct. It is, of course, true, as plaintiff argues and Prosser in his Law of Torts, Fourth Edition, p. 23, observes, that compensatory damage verdicts, in themselves,

serve to admonish others that if they negligently injure another they will be required to compensate him with money damages. That this admonishment has the overall social effect of deterring like conduct and the prevention of harm cannot be doubted.

■ Nevertheless, juries cannot be told directly or in effect that they may consider punishment or deterrence as an element of damages and include a sum of money in their verdict so as to punish the defendant or deter others from like conduct unless the pleadings, evidence and instructions warrant the separate submission of punitive damages under the law. To do otherwise, would eliminate the distinction between compensatory and punitive damages, a distinction long part of the law of this state, and would cloud every verdict to a point where the court could not know whether the compensatory damage verdict did or did not include a punitive sum.

Of course, a court cannot know the mind of each juror as he goes about the task of deciding upon the amount of the verdict, and jurors cannot be heard to impeach their own verdicts. So it becomes of importance that jurors not be told they can include as part of their award an element of damages that the law does not allow. Therefore, they should not be motivated by argument to hold as one of their objectives, in arriving at the amount of their verdict, the punishment of the defendant or the deterrence of others.

Plaintiff's reference to criminal cases is inapposite. The jury's assessment of punishment in a criminal trial is exactly that—punishment. It compensates no one and is punitive in every sense of the word. Its very purpose is to punish and deter.

In *Simmons v. Jones*, 361 S.W.2d 860 (Mo.App.1962), plaintiff received a verdict for $5,000.00 actual and $1,000.00 punitive damages. On appeal the court held the punitive damage instruction to be erroneous but was able to correct the error by ordering a new trial on damages unless plaintiff remitted the punitive award of $1,000.00, in which event the judgment for $5,000.00 actual damages would stand affirmed.

■ In the instant case there is no method by which this court can know how much of the verdict represented the jury's response to plaintiff's plea for a punitive sum. It may be argued that this assumes the jury included a punitive sum in its verdict. The answer to that is that we do assume that the jury did what it was invited to do by plaintiff's argument and included some sum of money in its verdict to deter others from like conduct but, as noted supra, we do not know how much of the verdict represented punitive damages and, therefore, the remittitur solution is not available to correct the error.

Plaintiff contends that argument going to the question of damages can be prejudicial only if it resulted in an excessive verdict, citing *McCormick v. Smith*, 459 S.W.2d 272, 278 (Mo.1970); *Corley v. Andrews*, 349 S.W.2d 395, 403 (Mo.App.1961) and *Schneider v. Dannegger*, 435 S.W.2d 413 (Mo.App. 1968), which clearly support that general proposition. However, in those cases the court was not confronted with a situation where an element of damages—punitive damages—which is foreign to a purely compensatory damage suit claim was injected into the case, and the jury was advised to consider that matter in arriving at the amount of its verdict. The cited cases deal with compensatory damages only and not a mixture of compensatory and punitive damages in a single sum as does the instant case.

■ Punitive damages are to be allowed only when the evidence supports them under proper instructions and must be returned as a separate item in their verdict. See MAI 10.00 series and verdict forms 36.11 and 36.12.

While the trial court did not specifically find the verdict to be excessive, the clear import of its ruling on the motion for new trial is that the jury was invited to award punitive damages and that the defendant was prejudiced thereby.

The difficulty of determining whether the jury did include a punitive sum in its verdict accounts for the silence of the trial court on that matter.

The usual standard for deciding an issue of excessiveness is simply not available when the question to be decided is how much was compensatory and how much was punitive.

■ In these circumstances, the court holds that it is not incumbent upon the defendants to demonstrate that the verdict was excessive by the usual standards in order to sustain the trial court's finding of prejudice resulting from the injection of punitive damages into the case.

The trial court's order granting a new trial was not an abuse of discretion.

The judgment of the trial court granting a new trial is affirmed.

MORGAN, HOLMAN, HENLEY, FINCH and DONNELLY, JJ., concur.

SEILER, C. J., dissents in separate dissenting opinion filed.

SEILER, Chief Justice.

I respectfully dissent for the reasons set forth by Wasserstrom, J., writing for a unanimous panel of the court of appeals, Kansas City district, which court reversed the order granting a new trial and remanded with directions to reinstate the jury verdict. Judge Wasserstrom said, in part, as follows:

"There remains for consideration, however, the much more troublesome question of whether this error [Judge Wasserstrom is referring to the erroneous argument] resulted in prejudice to the defendants. Plaintiff argues that any error in a jury argument concerning damages can be prejudicial only if it results in an excessive verdict; that the argument here in question did in fact go only to damages; and that since the trial court did not find the amount of damages to be excessive, it follows that there was no prejudice. We agree.

"The beginning point of this argument by plaintiff rests upon solid bedrock of decisional law. The rule is firmly establish that any argument going to the question of damages can be prejudicial only if it resulted in an excessive verdict. *McCormick v. Smith*, 459 S.W.2d 272, 278 (Mo.1970); *Schneider v. Dannegger*, 435 S.W.2d 413, 416 (Mo.App.1968); *Corley v. Andrews*, 349 S.W.2d 395, 403 (Mo.App.1961). This rule has been applied in a situation such as the one here where the claim of error respected plaintiff's counsel having been permitted to make a jury argument which constituted a plea for punitive damages. *Sparks v. Auslander*, 353 Mo. 177, 182 S.W.2d 167, 173 (1944). It was held that this was not reversible error, because there was no complaint as to the amount of the verdict. The rule applies equally whether no complaint of excessiveness is made by the party or if the lack of excessiveness is found by the court. *Nichols v. Blake*, 395 S.W.2d 136, 141 (Mo.1965); *Schneider v. Dannegger*, supra; *Arroyo v. Keller*, 433 S.W.2d 584, 588 (Mo.App.1968); *Smiley v. Bergmore Realty Co.*, 229 Mo.App. 141, 73 S.W.2d 836, 841 (1934).

"The next step in plaintiff's argument is equally sound, namely that the argument had to do solely with the matter of damages. Strictly as a matter of interpretation of the argument made, counsel's words can only be understood as a plea for a high award of damages. This construction upon the argument is especially compelled in view of the fact that under the evidence there was no substantial issue in the case as to liability. Plaintiff's complaint here is that two operations, culminating in the removal of a portion of two ribs, were occasioned by the negligence of one of the defendant partners. Just before the operations plaintiff had gone to his family doctor with a complaint of pain in his left side. This family doctor referred plaintiff to defendants for diagnostic x-rays. As a result of these x-rays, Dr. Courter (one of the defendant radiologists) submitted a report stating that the x-rays showed a lesion 'in

the anterior end of the 11th rib' and further recommended 'that this lesion should certainly be biopsied.' As recommended, a portion of the eleventh rib was removed by surgery, but it was discovered that there was nothing wrong with this rib. Subsequently it was found that Dr. Courter had incorrectly reported the eleventh rib as having the lesion, whereas the lesion referred to was actually in the tenth rib. The discovery of this error then led to the second operation for removal of the affected portion of the tenth rib. A senior member of the defendant group admitted in the course of his trial testimony that Dr. Courter's mistake in reporting the eleventh rib instead of the tenth rib was not 'good medical practice.'

"Still further, at the time that Dr. Courter was undertaking to interpret the x-rays above referred to in 1967, the defendant group had in its files under plaintiff's code number an x-ray taken previously in 1965, showing substantially the identical lesion in the tenth rib. The reason for the surgery undertaken in 1967 was to test a potential diagnosis of cancer, but this verification of non-malignancy would have been unnecessary had the 1965 x-rays been consulted. The surgeon who performed the two operations in 1967 testified that if he had been aware of the 1965 x-ray and that it showed that there had been no growth of the lesion for a period of 33 months, 'we would have been pretty reluctant to accept this as being a lesion related to a possible cancer' and he further stated, 'I would not have operated on this man's rib if I had known what I know now because of the possibility of it being metastatic from cancer of the stomach.'

"Looking at all of this evidence as a whole, the liability of the defendants for failure to exercise ordinary care was overwhelming. Consequently, it is far more reasonable to construe plaintiff's jury argument as referring to the issue of damages rather than to the matter of negligence liability which had virtually ceased to be an issue in the case by the time all the evidence was in.

"The necessary next step in plaintiff's argument is to establish that the verdict was not excessive. This conclusion also follows inexorably from well settled principles of law. The first of these principles is that when a trial court grants a new trial on a specified basis, that ruling is deemed to constitute an overruling of the motion for new trial on all other grounds. *Burnett v. Johnson*, 349 S.W.2d 19, 24 (Mo.1961); *Took v. Wells*, 331 Mo. 249, 53 S.W.2d 389 (1932); *Hoehn v. Hampton*, 483 S.W.2d 403, 407 (Mo.App.1972). In the present case, the defendants in their motion for a new trial did complain, among other things, that the verdict was excessive. However, under the rule stated above, the action of the trial court in granting the new trial solely on the ground of error in the jury argument in effect overruled the contention that the verdict was excessive.

"Of course it is permissible for the defendants as respondents here to urge that the trial court should have found the verdict to be excessive. However, in order to do so it is incumbent upon defendants to assume the burden of demonstrating error on the part of the trial court in this respect. *State ex rel. Sturm v. Allison*, 384 S.W.2d 544, 547 (Mo. banc 1964); *Smith v. Kansas City Public Service Co.*, 328 Mo. 979, 43 S.W.2d 548 (banc 1931); *Taylor v. Cleveland, C., C. & St. L. Ry. Co.*, 333 Mo. 650, 63 S.W.2d 69 (1933); *Porter v. Chicago, B. & Q. R. Co.*, 325 Mo. 381, 28 S.W.2d 1035 (1930); *Dietrich v. Cape Brewery & Ice Co.*, 315 Mo. 507, 286 S.W. 38 (1926); *Reed v. Swift & Co.*, 117 S.W.2d 636 (Mo.App.1938).

"Defendants have wholly failed to assume the burden above referred to. The closest they come in this respect is a statement in one of their points that prejudice to the defendants 'could have been determined either by the excessiveness of the verdict or the injection of improper issues into the trial, or both.' However, defendants in their brief state that '[w]hether or not such finding be based on excessiveness of the

verdict . . . is of no import.' Unfortunately for them, the legal rule is to the contrary. If they seek to justify a finding of prejudice by a claim that the verdict was excessive, then that becomes a key issue upon which they have the burden of demonstration. It simply will not do for them to try to brush this matter off by saying that it 'is of no import'.

"The ultimate reliance by the defendants with respect to this matter of prejudice rests on the fact that the trial court did find in the order granting the new trial that 'defendants have been prejudiced and they were deprived of a fair trial.' That 'finding', which is more properly merely a conclusion, cannot stand in face of the foregoing principles of law already discussed. The present contention is quite similar to the argument presented to and rejected by the Supreme Court in *Mosley v. St. Louis Public Service Co.*, 301 S.W.2d 797, 800 (Mo. 1957). In that case, a new trial was granted for an alleged erroneous argument. The trial court further found that because of the alleged error, 'plaintiff did not receive a fair and impartial verdict.' Although the Supreme Court on appeal found that the argument had not been reversibly erroneous, the plaintiff nevertheless tried to sustain the ground for a new trial on the theory that the trial court had inferentially found the verdict inadequate and against the weight of the evidence. The Supreme Court held that no such inference could be drawn, in view of the rule that a stated ground for granting a new trial in effect overrules all other grounds, including those being argued by the plaintiff. In this respect, the court explained:

'If the trial court had considered that these grounds were meritorious it is reasonable to assume that they would have been specifically included in the order granting the motion for new trial. Upon appeal, an order sustaining such a motion upon stated grounds is treated as having the effect of overruling the motion as to other grounds set forth therein. *Smith v. Kansas City Public Service Co.*, 328 Mo. 979, 43 S.W.2d 548. It thus becomes apparent that we could not follow the foregoing contentions of plaintiff without placing the trial court in the inconsistent position of having overruled the motion upon the two grounds heretofore mentioned, and in the next breath having sustained the motion upon the same grounds by reason of the implications plaintiff contends are necessarily inherent in assignment No. 6.'

That reasoning in *Mosley* is applicable here.

"Under the facts of this case and the law applicable thereto, the closing argument did not legally prejudice the defendants. The order granting a new trial, therefore, cannot stand."

To what Judge Wasserstrom said above I would add these observations: We are affirming the giving of a new trial to defendants because of a possibly faulty argument (as the majority opinion says, it is debatable whether the argument truly is a call for punitive damages), even though no one is able to point out where defendants have been harmed or can be sure that the jury considered any of its verdict to be punitive rather than compensatory. We are insisting that defendants have a perfect trial. We are departing from what we have said time and time again about harmless error not requiring a reversal. Under the views espoused in the majority opinion, the same outcome would prevail had the verdict been $25,000 or $5,000 instead of $105,000. The argument still would have been improper, the trial court would not have ruled the verdict excessive, but again could have found the argument prevented defendant from having a fair trial and we would then have to affirm the action of the trial court in giving a new trial, even though the error was harmless.

This was a case of conspicuous negligence on the part of the defendants. There could not have been any serious question as to liability. The injuries and damages were severe. There is no showing defendants have been harmed by the argument made

and we should treat this as harmless error at most.

I would return this case as having been improvidently transferred and would let stand the opinion of the court of appeals.