**Clarence NICE and Wilma Nice, Plaintiffs,**

v.

**ZHRI, INC., Defendant.**

**No. 5:98CV00141–WRW.**

United States District Court, E.D. Arkansas, Pine Bluff Division.

July 14, 2000.

Todd L. Griffin, Law Offices of Gary Green, Little Rock, AR, for Clarence Nice, Willa Nice.

Donald H. Bacon, Friday, Eldredge & Clark, Little Rock, AR, for ZHRI Incorporated.

Randy P. Murphy, Anderson, Murphy & Hopkins, L.L.P., Little Rock, AR, for Piers Inc.

### ORDER

WILSON, District Judge.

#### The Motion for New Trial

During closing argument, plaintiffs' counsel remarked that a verdict for the plaintiffs might cause the defendant to change a design which plaintiffs contended was dangerous. Defense counsel objected to this argument and moved for a mistrial, contending that such an argument is appropriate only when punitive damages are at issue. The Court overruled the objection, denied the motion for mistrial, and told the jury that the argument was "proper."

During the ensuing bench conference, the Court remarked that it thought that, in about 1914, the Supreme Court of Arkansas had held that such argument was proper in a compensatory damages case.[1] The

---

**1.** At the time of the bench conference, the Court was under the impression that the 1914 case was the last statement of the Arkansas Supreme Court on this subject and that Arkansas law would be controlling. Research has disabused the Court on both points.

Court has now located that case. In *St. Louis, I.M. & S. Ry. Co. v. Drumright*, 112 Ark. 452, 166 S.W. 938 (1914), plaintiffs' counsel argued:

> But, gentlemen of the jury, I say to you they started this thing in the wrong. They placed the old man and the others where death was liable to come at any minute, and not only that, gentlemen, the testimony shows that after he was injured they still continued, and, gentlemen, they will always continue to do that until a jury says to them, 'We call a halt on such actions as that.'

*Drumright*, 166 S.W. at 942–43. The Supreme Court held that the remark calling for "a halt on such actions was mere expression of the opinion of counsel which we do not think can be treated as prejudicial." *Drumright*, 166 S.W. at 943.

Over eighty years later, in *Stecker v. First Commercial Trust Co.*, 331 Ark. 452, 962 S.W.2d 792 (1998), the Supreme Court of Arkansas spoke on this subject again. During trial, Plaintiff's counsel made a "send 'em a message" type argument. The trial court overruled an objection. On appeal, the Arkansas Supreme Court held:

> It has indeed been held that an argument having a "send a message" to the community theme *may* be improper when punitive damages are not sought.... At first blush, the argument made on behalf of Laura Fullbright's estate might seem to have had that as its theme. In response to the contention, however, First Commercial argues that its counsel was addressing the standard of care to be exercised by a physician in circumstances such as those with which Dr. Stecker was presented and not the matter of damages....
>
> Viewing the closing argument in its entirety, the repeated references to protection of "the children" did not necessarily evidence a "send a message" theme when combined with the discussion of the standard of care and the other points made in the closing argument.

*Id.* at 460–461, 962 S.W.2d at 797 (emphasis added).

■ Arkansas law on this issue, however, is not controlling. In a diversity case, the propriety of closing argument is a procedural question to be determined by federal law. *See Sylla–Sawdon v. Uniroyal Goodrich Tire Co.*, 47 F.3d 277, 285 (8th Cir.1995); *see also Vanskike v. ACF Industries, Inc.*, 665 F.2d 188, 201 (8th Cir. 1981).

In *Vanskike, supra*, the Eighth Circuit held:

> Juries cannot be told directly or in effect that they may consider punishment or deterrence *as an element of damages and include a sum of money* in their verdict so as to punish the defendant or deter others from like conduct unless the pleadings, evidence and instructions, would eliminate the distinction between compensatory and punitive damages, a distinction long part of the law of this state, and would cloud every verdict to a point where the court could not know whether the compensatory damage verdict did or did not include a punitive sum.

*Vanskike*, 665 F.2d at 201 (emphasis added).

■ It is clear that asking a jury to award additional (punitive) damages in order to "send a message" is error if punitive damages are not an issue. On the other hand, it is appropriate to ask the jury to "send a message" if counsel is not seeking an inappropriate punitive damage award. In *Harris v. Steelweld Equipment Company, Inc.*, 869 F.2d 396 (8th Cir.1989), defense counsel argued:

> It's a difficult thing to do, but I'm asking you to write that, write "no," and you *send the message*, I'm not only talking about this little courtroom with these people, I'm telling you that if this goes out, you set the standards for our community. You six people will set the standards in this case and the next case that's tried. These are the standards that are set, and I'm asking you to do the difficult thing, ladies and gentlemen,

write down simply "no" on that verdict form.

*Id.* at 406 (emphasis added).

The Eighth Circuit did not consider this assignment of error because plaintiff had not objected at the trial, but in a footnote the court wrote:

Appellant has cited two federal cases, *Vanskike v. ACF Industries, Inc., supra,* and *San Antonio v. Timko,* 368 F.2d 983, 986 (2nd Cir.1966) and two Missouri cases, *Fisher v. McIlroy,* 739 S.W.2d 577, 582 (Mo.App.1987) and *Smith v. Courter,* 531 S.W.2d 743, 748–49 (Mo.1976). Appellant cites these cases for the proposition that defense counsel's closing argument constitutes fundamental error. First, the law and facts of *Timko* are not on point. *Vanskike, supra, Fisher, supra,* and *Smith, supra,* stand for the proposition that a complaining party may not request a jury to award punitive damages unless punitive damages have been pled and there is evidence in the record to support the submission of the issue of punitive damages to the jury. The courts have reasoned that arguments by the complaining party's counsel which suggest to the jury that the verdict will deter others, and/or punish the defendant are, in effect, arguments requesting that the jury award punitive damages. Without pleading punitive damages and proof thereof, the courts have held it is reversible error for the complaining party's attorney to utilize a "send the message" argument because the evidence will not support the argument for an award of punitive damages. This proposition is not applicable to defense counsel's argument. *Appellee's counsel was not requesting that the jury award punitive damages.* Appellants realized this at the trial and did not object to the argument.

*Id.* at 406 n. 13 (emphasis added).

So, the Eighth Circuit has stated that a "send them a message" argument which does not include a request for punitive damages is not error. This admits of no doubt. Further, this Court believes that it would be entirely proper for plaintiff's counsel to argue:

Members of the jury, if you will return a fair and adequate *compensatory* damage award in this case, it will send the defendant a message.

As Dean Prosser pointed out over 35 years ago:

The "prophylactic" factor of preventing future harm has been quite important in the field of torts. The courts are concerned not only with compensation of the victim, but with admonition of the wrongdoer. When the decision of the courts become known, and defendants realize that they may be held liable, there is of course a strong incentive to prevent the occurrence of the harm.

PROSSER, HANDBOOK ON THE LAW OF TORTS pg. 23 (3d ed.1964).

Dean Keeton tells us the same. PROSSER AND KEETON, TORTS, § 4, at 25 (5th ed.1984).

█ Actually, plaintiffs' argument in this case fell short of an outright "send them a message" plea. Counsel simply stated, "They won't admit they're wrong, but you twelve people can tell them they were wrong, and maybe they will change that design." While it can be argued that this mild statement was of the "send 'em a message" genre, it nowise suggests a punitive damage award.

Accordingly, defendant's motion for a new trial is denied.

### *The Motion for Remittitur*

The jury awarded Clarence Nice $1,400,000.00, and Wilma Nice $100,000.00 (the latter for loss of consortium). The evidence reflected that Mr. Nice incurred about $60,000.00 in medical bills and approximately $6,500.00 in lost income. Additionally, as a result of the injury, he has lost his sense of smell. He has scarring in the nose/forehead area of his face, and he has continuing neck pain.

■ The Court has given considerable attention to the Motion for Remittitur, and, in fact, has conducted post-trial hearing on the subject on July 7, 2000. The jury awarded both Mr. and Mrs. Nice more than the Court would have awarded if this case had been tried without a jury. But this is not the test. The question is whether the award is so large, and so out of line, that it "shocks the conscience" of the Court or that it shows the jurors were improperly motivated. See *Sanford v. Crittenden Memorial Hosp.*, 141 F.3d 882 (8th Cir.1998).[2]

■ Neither award "shocks the conscience" of the Court nor is there any reason to believe that the jury was improperly motivated. A loss of smell is a substantial injury, standing alone. It alters the taste of food significantly, and, therefore, interferes with one of the great daily pleasures of life—eating. Additionally, the loss of this sense robs one of an important warning device—smelling dangerous odors such as smoke, leaking propane, and the like.

Furthermore, Mr. Nice's disfigurement is quite significant. The alteration to his facial features is immediately noticeable when one first looks at him. And, of course, this injury is permanent, as is the loss of smell.

The evidence supports the conclusion that Mr. and Mrs. Nice have had a very happy marriage, but that his injuries have had a substantial impact upon "the personality of the home." Again, the loss of consortium award was more than the Court would have awarded if it had been the trier of the fact, but it was not; and the award, in light of all the evidence, does not "shock the conscience," or reflect improper jury motivation.

Accordingly, the Motion for Remittitur is denied.

---

**2.** In *Sanford,* the Eighth Circuit stated:
Under Arkansas law, a verdict is excessive "if the amount shocks the conscience of the court or demonstrates that the jurors were motivated by passion, prejudice or undue influence."

*Sanford,* 141 F.3d at 884–885 (citing *White v. Mitchell,* 263 Ark. 787, 568 S.W.2d 216, 224 (1978)) (quoting *Jordan v. Adams,* 259 Ark. 407, 533 S.W.2d 210, 213 (1976)).