Kenneth FISHER, Plaintiff-Respondent,

v.

Ira McILROY, Defendant-Appellant.

No. 52269.

Missouri Court of Appeals,
Eastern District,
Division Two.

Nov. 3, 1987.

Helton Reed, St. Louis, for defendant-appellant.

Larry Henry Hellwig, Clayton, for plaintiff-respondent.

DOWD, Judge.

Defendant, Ira McIlroy, appeals from the trial court's order vacating the jury verdict in favor of defendant on his counterclaim and granting a motion for a new trial. Defendant appeals from the circuit court's holdings of an erroneous submission of an instruction under the "rear-end collision" doctrine and bias and prejudice resulting in an excessive verdict. We affirm the granting of the motion for a new trial.

On appeal, defendant asserts that the trial court erred and abused its discretion in granting the motion for a new trial. Defendant contends that (1) prejudicial error did not result from the circuit court giving the verdict directing instruction based on the "rear-end collision" doctrine; (2) the jury verdict in favor of Ira McIlroy was not clearly excessive, against the weight of the evidence, or not supported by the evidence; and (3) the jury verdict was not so excessive and unsupported by the evidence to indicate bias and prejudice on the part of the jury.

This appeal arises out of an automobile accident on June 7, 1983. Plaintiff filed his petition for property damage in the circuit court, and in defendant's counterclaim, he claimed personal injury and property damage. The negligent acts defendant pleaded in his counterclaim included failure to keep a proper lookout, to drive at a safe speed and in a safe manner, and to yield lawful right of way to claimant and other traffic.

A jury returned a verdict for Ira McIlroy on his counterclaim, awarding $55,000 for personal injuries and $2,500 for property damage. A jury verdict in favor of Ira McIlroy on the plaintiff's claim was also returned.

In an order containing the reasons for granting the motion for a new trial, the trial court cited the following grounds as its basis for granting the motion. The trial court found that as a consequence of giving the verdict directing instruction based on the "rear-end collision" doctrine, prejudicial error resulted, because this doctrine was not supported by the pleadings, nor were the pleadings amended. Additionally, the court expressed a belief that the jury's verdict was clearly excessive, against the weight of the evidence, and not supported by the evidence. Finally, the court found the jury's verdict to be so excessive and unsupported by the evidence as to indicate bias and prejudice, for which the only remedy is a new trial.

Defendant's first contention on appeal is that the trial court erred and abused its discretion in granting a new trial, because the verdict directing instruction based on the "rear-end" doctrine was not an erroneous submission. Moreover, defendant argues that no substantial basis existed to support a verdict for plaintiff, and the court erred in failing to allow amendment of defendant's counterclaim to conform to the evidence adduced.

Defendant contends the trial court erred in finding the verdict directing instruction to be a prejudicial submission. The rear-end doctrine was neither pleaded

by the defendant nor was the counterclaim tried by implied consent on this theory. A jury instruction is prejudicially erroneous when such instruction directs recovery on a different theory than the one pleaded and proved or allows the jury to find for a party on a different basis than that pleaded. *Snyder Bros. Co. v. Library Landholders, Inc.*, 718 S.W.2d 633, 635–36 (Mo. App.1986). Defendant's counterclaim failed to include an allegation to support the verdict directing instruction based on the "rear-end" doctrine.

◼ When drafting a verdict directing instruction, a party is subject to the requirement that the instruction be within the general scope of the pleadings. *Zipp v. Gasen's Drug Stores, Inc.*, 449 S.W.2d 612, 617 (Mo.1970). Failure to satisfy this requirement will result in the trial court refusing the instruction submitting grounds not pleaded. *Id.* at 621.

> It is elementary that the instructions submitting the plaintiff's case must be in accord with the theory of his petition, and that instructions which authorize a recovery upon a ground not relied on in the petition are fatally erroneous.

*Kells v. Pevely Dairy Co.*, 393 S.W.2d 61, 64 (Mo.App.1965) (quoting *White v. Thompson*, 176 S.W.2d 53, 57 (Mo.App. 1943)). Defendant in his counterclaim pleaded failure to keep a proper lookout, driving at an excessive speed, and reckless weaving and failure to yield right of way. As a result of the instruction exceeding the scope of the pleadings in defendant's counterclaim and enabling defendant to recover on an unpleaded ground, the trial court properly granted a new trial on this ground.

◼ We find that the trial court did not err in not permitting. defendant to amend his counterclaim to conform to the evidence adduced. A trial court has broad discretion when determining whether to permit an amendment of the pleadings, and the court's decision will not be disturbed on appeal unless there is an obvious and palpable abuse of such discretion. *Lake in the Woods Apartment v. Carson*, 651 S.W. 2d 556, 559 (Mo.App.1983); *Sun Electric Corp. v. Morgan*, 678 S.W.2d 410, 412 (Mo. App.1984).

◼ In the case before us, the evidence submitted by defendant was relevant to the issues and allegations already raised in his counterclaim, and consequently, did not constitute an amendment by implied consent. Amendment of the pleadings by implied consent of the parties occurs when evidence, admitted without objection, bears only on that issue and is not relevant to an issue already in the case. *Smith v. Heisserer*, 609 S.W.2d 485, 486 (Mo.App.1980). The trial court's order granting a new trial on this point is affirmed.

◼ Defendant's second point on appeal is that the trial court erred and abused its discretion in granting the motion for a new trial on the basis of the jury verdict was clearly excessive, against the weight of the evidence, and not supported by the evidence.

◼ Defendant claims that the size of defendant's verdict does not entitle plaintiff to a new trial, because the verdict was not the product of the jury's bias, passion and prejudice. *Blevins v. Cushman Motors*, 551 S.W.2d 602, 614–15 (Mo. banc 1977). No precise formula exists for calculating whether the verdict for personal injuries is excessive—each case is to be considered on its own particular facts. *Firestone v. Crown Center Redev. Corp.*, 693 S.W.2d 99, 108 (Mo. banc 1985). What fairly and reasonably compensates a person for her injuries sustained is determinative of whether the verdict is excessive as a matter of law. *Howard v. Lundry*, 591 S.W.2d 193, 200–01 (Mo.App.1979). A jury's damage awards should not be disturbed "unless the amount is so grossly excessive that it shocks the conscience of the court." *Howard, supra*, at 201.

Looking at the evidence in the light most favorable to the defendant, it is clear that in the case before us an award of $55,000 for personal injury and $2,500 for property damage was excessive in view of the fact that defendant's evidence established only $1,261.11 in medical expenses for the seven dates of medical treatment (May 18, 1984

being the last day of treatment) and $1,500 in property damage. Plaintiff submitted no evidence to support a finding of lost wages or necessary future medical treatment.

■ A trial court may grant one new trial on the ground the verdict is against the weight of the evidence. Rule 78.02. The trial court is vested with broad discretion in ruling on a motion for a new trial based on the allegation that the verdict is against the weight of the evidence, and the court may weigh the evidence. *Resco Construction Co. v. Dawson Cabinet Co.*, 656 S.W.2d 324, 326 (Mo.App.1983). The trial court's discretion will not be interfered with if there is substantial evidence sufficient to support a verdict for the party awarded the new trial. *Reyes v. St. Luke's Hosp.*, 716 S.W.2d 294, 295 (Mo.App.1986). On appeal, we may not pass upon the weight of the evidence or disturb the trial court's order unless the trial court has abused its discretion. *Resco, supra,* at 326. We defer to the trial courts in these cases, because a trial court's order granting a new trial is presumptively correct. *Reyes, supra,* at 296.

In the case before us, our review of this issue is limited to whether there was substantial evidence to support a verdict in favor of defendant. The trial court in its order granting plaintiff's motion for a new trial did not specify why the jury verdict was against the weight of the evidence. The trial court agreed with the reasoning stated in the first paragraph of plaintiff's Motion for a New Trial on Defendant's Counterclaim.[1] The law does not require the trial court to outline its reasons why the jury verdict was against the weight of the evidence, and so we must rely upon the trial court's proper exercise of its discretion in such matters. *Reyes, supra,* at 296. For the above reasons, we affirm the trial court's order granting a new trial on this point.

■ Defendant's third point on appeal is that the trial court erred and abused its discretion in granting the motion for a new trial on the basis of the jury verdict being the result of bias and prejudice. Moreover, defendant contends his counsel's remarks did not constitute a request for punitive damages, but only a proper request for compensation.

■ The amount of a verdict by itself does not establish that the verdict was the result of bias or passion and prejudice on the part of the jury so as to justify the granting of a new trial. *Means v. Sears, Roebuck & Co.*, 550 S.W.2d 780, 788 (Mo. banc 1977). In addition, there must be a showing of some error committed during the course of trial pointing to jury bias and prejudice before a court will consider excessiveness of the jury verdict as a ground to grant a party a new trial. *Id.* A verdict, which is found to be so grossly excessive as to indicate bias, passion, prejudice, sympathy and misconduct on the part of the jury, will be invalidated in its entirety and can be remedied only by a new trial. *Id.; Cignetti v. Camel*, 692 S.W.2d 329, 336 (Mo.App.1985).

■ To prevail on the claim of the verdict is so excessive as to show motivation by bias, prejudice and misconduct on the part of the jury, a party must show that the evidence as to plaintiff's injuries and damages when viewed in the light most favorable to the verdict, does not warrant such verdict, and that some error or occurrence at trial was sufficient to incite jury prejudice. *Cignetti, supra,* at 336.

Plaintiff cites to matters at trial which allegedly prejudiced the jury against him. The first is that defendant's attorney, over the objection of opposing counsel that this

---

1. The court specifically cited to the point made in the first paragraph of the motion, which stated:

 1. That the jury verdict in favor of defendant on his counterclaim of $55,000.00 for personal injury and $2,500.00 for property damage was clearly excessive and against the weight of the evidence especially in view of the fact that defendant's evidence revealed only $1,261.11 in medical expenses and seven dates of medical treatment (one emergency room visit and the remainder doctor visits), the last of which was on May 18, 1984. Furthermore, his evidence only showed property damage of $1,500.00.

argument was beyond the scope of the pleadings and evidence presented, argued to the jury the issue of punitive damages even though punitive damages were not pleaded or proven. The trial court in its order granting the new trial stated that "the defendant's attorney, in fact, played the role of a state prosecutor in his invitation to the jury to respond in damages to show to the plaintiff and the others 'like him' that the plaintiff's behavior in operating his vehicle as alleged by the defendant was almost wanton." This argument constituted the error which affected the jury's deliberation process.

 Finally, defendant contends his remarks did not constitute a request for punitive damages, but only a proper request for compensation. Defendant's counterclaim contained no allegation or prayer for punitive damages, and no instructions were submitted by him on the issue of punitive damages. A closing argument to a jury that the jury could, by its verdict, speak out about its feelings as to a certain matter in issue at trial and that the jury could send a message to a particular group in the community through its verdict is viewed as injecting the issue of punitive damages into a case through the argument, even though such damages had not been pled. *Smith v. Courter*, 531 S.W.2d 743, 747 (Mo. banc 1976). This argument entitled the opposing party to a new trial. *Id.*

In the case at bar, the argument by defendant's attorney for the jury to "send a message to the young people in this city" injected a plea for punitive damages into the trial. This argument was objected to by plaintiff's attorney as being beyond the scope of the pleadings and evidence presented. We agree.

For the foregoing reasons, we affirm the trial court's order granting a new trial.

STEPHAN, P.J., and PUDLOWSKI, J., concur.