Carlton Wayne MITCHELL, Appellant,

v.

Jack KIRK; Jerome Weiler; Vivian Watts; Dick Moore; George Lombardi; Bill Armontrout; William L. Rutledge; Larry Henson; Robert Acree; Tom Davis, Captain; Burris, Captain; Holtmeyer, Lt.; Vance, Lt.; Richard Childs; Roy Heyer, Lt.; Michael CO I Dixon; Walter Richter, Sgt.; Cavanaugh, Sgt.; Jack Dreyer, Sgt.; C. Davis, Sgt.; CO I Rex; John Doe, CO I; CO I Finley; Seabrooks, CO I; Medlock, CO I; Randy Ray, CO I; Floyd George; Gerald Bommell; Mark Schreiber; Oscar Dunbar; Daniel Kempker; David Webster; Randall Mobley; Clifton S. Bowen; G.

Jobe; M.A. Counterman; David Kormann; Gail Hughes; Donald Gerling; Leible; Exchange National Bank; The Central Trust Bank; Don Perdue; Don Campbell; Charles Dudenhoeffer, Jr.; Joseph Driskill, Appellees.

No. 92–2202.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 16, 1993.

Decided April 7, 1994.

Martin Warhurst, Kansas City, MO, argued, for appellant.

Bruce Farmer, Asst. Atty. Gen., Jefferson City, MO, argued, for appellee.

Before McMILLIAN, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and FAGG, Circuit Judge.

PER CURIAM.

Missouri inmate Carlton Wayne Mitchell brought this 42 U.S.C. § 1983 action against various prison officials and guards, two banks, three bank employees, and a state legislator. The district court ordered a trial on Mitchell's claim that prison guards subjected him to excessive force, but dismissed Mitchell's remaining claims. Mitchell tried his excessive force claim pro se and a jury returned a verdict for the prison guards. Mitchell appeals and we affirm.

Mitchell contends the district judge's conduct and remarks during the trial expressed judicial bias against Mitchell, depriving him of a fair trial. Because Mitchell failed to object to the judge's comments at trial, we review for plain error. *Harris v. Steelweld Equip. Co., Inc.*, 869 F.2d 396, 402 & n. 6 (8th Cir.), *cert. denied*, 493 U.S. 817, 110 S.Ct. 70, 107 L.Ed.2d 37 (1989). Even if Mitchell had preserved his claim of excessive judicial intervention, we will reverse only if the record discloses the judge was actually biased or the judge's remarks projected the appearance of advocacy or partiality. *Czajka v. Black*, 901 F.2d 1484, 1486 (8th Cir.1990). After carefully reviewing the record, we conclude the district judge did not display bias, advocacy, or partiality during the trial. Although the judge and Mitchell engaged in several heated exchanges in front of the jury, the judge's challenged remarks dealt with Mitchell's presentation of his case and Mitchell's courtroom antics. The judge never commented on the merits of Mitchell's case. Because it is clear the judge was admonishing Mitchell and making the remarks to maintain control over the judicial proceedings and to preserve courtroom decorum, we reject Mitchell's judicial bias contention. *See Harris*, 869 F.2d at 401–02 (judge may properly comment on presentation of evidence to exercise control over trial and to conduct trial efficiently); *see also Deary v. City of Glou-*

*cester,* 9 F.3d 191, 194–95 (1st Cir.1993) (friction between court and counsel did not deprive party of fair trial).

 We also conclude the judge did not abuse his discretion in refusing Mitchell's recusal motion under 28 U.S.C. § 455(a) (1988). *See Pope v. Federal Express Corp.,* 974 F.2d 982, 985 (8th Cir.1992) (standard of review). Because the judge's challenged remarks were made in response to events occurring in the course of trial, and not because of an extrajudicial source, we will only find a basis for disqualification if the judge displayed deep-seated and unequivocal antagonism that rendered a fair judgment impossible. *Liteky v. United States,* — U.S. —, ——–——, 114 S.Ct. 1147, 1157–58, 127 L.Ed.2d 474 (1994). Here, the record does not reveal that the judge's comments displayed a level of antagonism rendering a fair judgment impossible. "[J]udicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge." *Id.* at —, 114 S.Ct. at 1157.

Mitchell next contends the district court committed error in dismissing his claims that prison officials, the banks, and the bank employees violated his right to earn interest on his prison bank account by keeping his prison income in a noninterest-bearing account. We disagree. Assuming Mitchell has a constitutional right to earn interest on his prison bank account, the Missouri prison regulations prohibiting individual interest-bearing accounts are related to valid penological purposes and do not violate the right. *Foster v. Hughes,* 979 F.2d 130, 132–33 (8th Cir.1992). Thus, the district court properly dismissed Mitchell's claim against the Missouri prison officials. In addition, the district court properly dismissed the banks and the bank employees because in merely agreeing to open a noninterest-bearing inmate account, these private parties were not acting under color of state law for purposes of § 1983. *See Mershon v. Beasley,* 994 F.2d 449, 451 (8th Cir.1993) (private party must willfully participate in joint action with state to be held liable under § 1983), *cert. de-*

*nied,* — U.S. —, 114 S.Ct. 1055, 127 L.Ed.2d 376 (1994).

Finally, Mitchell contends the district court committed error in dismissing his claim against a state legislator. Mitchell asserted that the legislator wrote a letter to prison officials questioning another prisoner's privileges and, as a result, Mitchell lost his prison job. Mitchell has no constitutional right to a particular prison job, however. *Flittie v. Solem,* 827 F.2d 276, 279 (8th Cir. 1987) (per curiam). Further, because writing a letter that inquires about a state prison's operations is an appropriate legislative function, the state legislator is entitled to absolute immunity. *See Brown v. Griesenauer,* 970 F.2d 431, 435–36 (8th Cir.1992). Thus, the district court properly dismissed Mitchell's prison job claim.

Accordingly, we affirm.