**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

CYRUS E. SILLING, JR.,
Plaintiff-Appellant,

v.

EDNA MARIE LITTON ERWIN, as
Executor of the Estate of Willard H.
Erwin, Jr.,
Defendant-Appellee,

and

UNITED NATIONAL BANK, as Executor
of the Estate of Cyrus E.
Silling, Sr.; JANE KING; JOAN SIMMS
HOLSCLAW; ONE MORRIS, INC., a
West Virginia Corporation;
FRANK T. LITTON, JR., as Director of
One Morris, Inc.; FORREST MORRIS,
as Director of One Morris, Inc.,
Defendants.

No. 95-2067

Appeal from the United States District Court
for the Southern District of West Virginia, at Charleston.
Charles H. Haden II, Chief District Judge.
(CA-94-448-2)

Argued: April 1, 1996

Decided: April 30, 1996

Before WILKINSON, Chief Judge, and WILKINS and LUTTIG,
Circuit Judges.

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Christopher James Winton, PAYNE, LOEB & RAY, Charleston, West Virginia; Richard Joseph Miller, Jr., MCNAMEE, LOCHNER, TITUS & WILLIAMS, P.C., Albany, New York, for Appellant. Arden John Curry, II, PAULEY, CURRY, STURGEON & VANDERFORD, Charleston, West Virginia, for Appellee. **ON BRIEF:** Mark W. Kelley, PAYNE, LOEB & RAY, Charleston, West Virginia, for Appellant. Arden J. Curry, PAULEY, CURRY, STUR-GEON & VANDERFORD, Charleston, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellant, Cyrus E. Silling, Jr., brought this action seeking to recover the value of a testamentary transfer of stock in a closely-held corporation and an inter vivos gift of $10,000 made by his father, Cyrus E. Silling, Sr. (Silling) to Willard H. Erwin, Jr. (Erwin). Appellant maintained that the codicil to Silling's will that conveyed the stock to Erwin was improperly executed, that Silling lacked the requisite mental capacity when he executed it, and that Erwin exercised undue influence to obtain both the stock and the gift of money. The district court granted summary judgment in favor of Appellee, Edna Marie Litton Erwin as executor of Erwin's estate (the Estate). We affirm.

I.

Longtime friends Silling and Erwin formed One Morris, Inc. in 1950 and were officers, directors, and shareholders of the corporation

2

over the next 40 years. In 1991, Silling executed a codicil to his will, bequeathing his majority interest in the stock of the corporation to Erwin. And, approximately seven months prior to his death in 1993, Silling made $10,000 transfers to Erwin, to Appellant, and to each of his five grandchildren. Following Silling's death, Appellant instituted this action, challenging the codicil and the gift.

The district court granted summary judgment in favor of the Estate, determining that the evidence was insufficient to raise a genuine issue of material fact concerning whether at the time Silling executed the codicil he failed to comply with statutorily required formalities, he lacked the appropriate testamentary capacity, and Erwin exercised undue influence over him. In addition, the court concluded that Appellant was estopped from challenging the validity of the codicil and the gift because he had accepted benefits under the will and the letter making the inter vivos transfers. Further, the court concluded that the evidence presented failed to raise a genuine issue of fact concerning whether Silling lacked the intent to make the gift.

In reaching these decisions, the district court rejected the proposed testimony of Appellant concerning his father's capacity on the basis that it was barred by W. Va. Code § 57-3-1 (1966). And, the court refused to consider the proffered testimony of Appellant's experts, concluding that their identities had not been disclosed in compliance with the local rules of the Southern District of West Virginia.

II.

Appellant argues that the district court abused its discretion in refusing to consider the proffered testimony of his expert witnesses. We disagree. Although the rule upon which the district court relied to exclude the testimony became operative only after this action had been initiated, the order implementing the rule indicated that it was to be applied to lawsuits pending on its effective date. Furthermore, the district court considered and rejected the reasons offered by Appellant to excuse his failure to submit the identities of his experts within the time period required by the rule. Based on this record, we cannot say that the district court abused its discretion in excluding the expert testimony. See Harris v. Steelweld Equip. Co., 869 F.2d 396, 399-400 (8th Cir.), cert. denied, 493 U.S. 817 (1989) (holding that

3

district court did not abuse its discretion in excluding expert testimony for failure to timely comply with local rule requiring disclosure of expert's identity when there was ample direct evidence on question at issue and proffered testimony was of marginal relevance).

III.

Appellant also contends that summary judgment was granted improperly because the district court misapplied the law of West Virginia in determining that he failed to establish the invalidity of the codicil or the impropriety of the $10,000 gift. After carefully considering the arguments of counsel and reviewing the record, we affirm the grant of summary judgment for reasons adequately stated by the district court in its memorandum order and opinion. **1** Silling v. Erwin, No. 94-0448 (S.D. W. Va. Apr. 25, 1995).**2**

AFFIRMED
_____

**1** Relying on the recent decision of the Supreme Court of Appeals of West Virginia in Meadows v. Meadows, No. 22812, 1996 WL 67401 (W. Va. Feb. 14, 1996), Appellant asserts that the district court erred in excluding his testimony regarding the mental capacity of his father pursuant to W. Va. Code § 57-3-1. We conclude, however, that even if his testimony were considered, the evidence nevertheless would be insufficient to raise a genuine issue of material fact with respect to Silling's capacity.

**2** Because proper resolution by the district court of the legal issues underlying the validity of the codicil renders judgment in favor of the Estate appropriate on this issue, we express no opinion on the alternative reasoning of the district court that Appellant was estopped from challenging its validity.