# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-1427

_____

| | | |
|---|---|---|
| Mark Edward Lomholt, Sr., | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Northern District of Iowa |
| Captain Holder; Michael Ryan, Dr.; | * | |
| Tom Conley; Jerry Burt; Cornell Smith; | * | [TO BE PUBLISHED] |
| Eugene Yetmar; Mary Dick; John A. | * | |
| Thalacker, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted:  April 5, 2002

Filed:  April 11, 2002

_____

Before McMILLIAN, BOWMAN, and BYE, Circuit Judges.

_____

PER CURIAM.

Iowa inmate Mark Edward Lomholt, Sr., appeals from the final judgment entered in the District Court for the Northern District of Iowa dismissing, prior to service, his 42 U.S.C. § 1983 action against prison officials and staff. After de novo review, see Cooper v. Schriro, 189 F.3d 781, 783 (8th Cir. 1999) (per curiam) (28 U.S.C. § 1915A(b)(1) dismissal), we affirm the dismissal of all claims except for the free-exercise claim.

In his pro se complaint, Lomholt alleged that he was placed "in the hole for religious fasting," where he was deprived of his bible, denied access to the press and to his attorney, and suffered sore feet from going barefoot. He also lost his prison job. Further, various defendants denied his grievances or otherwise refused to help him, and one defendant would not give him a grievance form.

We conclude that Lomholt stated a First Amendment free-exercise-of-religion claim by alleging that defendants Dr. Ryan and Captain Holder punished him by putting him in the hole for religious fasting, and by alleging that defendant Mary Dick refused to help him when he told her Dr. Ryan had warned him to "drop the subject" of being in the hole. See Swierkiewicz v. Sorema N.A., 122 S. Ct. 992, 997-99 (2002) (federal pleading is notice pleading only); Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam) (pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers).

We agree with the district court, however, that Lomholt failed to state First Amendment claims relating to his grievances or access to his attorney, because defendants' denial of his grievances did not state a substantive constitutional claim, see Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (per curiam); he did not allege that he was prohibited from filing grievances altogether; and he did not allege how being denied access to his attorney impeded his access to the courts, see Lewis v. Casey, 518 U.S. 343, 349, 356 (1996). We also agree with the district court that Lomholt failed to state an Eighth Amendment claim, because "sore feet" do not constitute a serious medical need. See Estelle v. Gamble, 429 U.S. 97, 106 (1976). Last, we conclude that his claim of denial of access to the press was too vague to state a claim, see Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985), and he had no constitutional right to a particular prison job, see Mitchell v. Kirk, 20 F.3d 936, 938 (8th Cir. 1994) (per curiam).

Accordingly, we reverse the dismissal of Lomholt's free-exercise claim against defendants Ryan, Holder, and Dick, and remand for further proceedings. We affirm in all other respects, and we deny Lomholt's motion for appointment of counsel.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.