# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-1271
_____

Jeffery Charles Elmore

*Plaintiff - Appellant*

v.

Wendy Kelly, Deputy Director, Arkansas Department of Correction; Jennifer McBride, Infirmary Administrator, Varner Unit, ADC; Amanda McLean, Director of Nursing, Varner Unit, ADC; Connie Hubbard, Nurse Practitioner, Varner Unit, ADC; Jacqueline Carswell, Nurse Practitioner, Varner Unit, ADC; Ojiugo Iko, Dr., Varner Unit, ADC; Andria Cantrell, Nurse, Varner Unit, ADC

*Defendants - Appellees*

Roland Anderson, Dr., CMS Medical Director; James Banks, Dr., CMS Medical Director; Lena Baum, Dr., CMS Medical Director; Delania Burchfield, Dr., CMS Medical Director; Correctional Medical Services, Dr., CMS Medical Director; Hoot Gibson, Dr., CMS Medical Director; Sharon Jones, Dr., CMS Medical Director; Lasaundra Malone, Dr., CMS Medical Director; Curtis Meinzer, Dr., CMS Medical Director; Pharmacorr Pharmacy, Dr., CMS Medical Director; Jason Price, Dr., CMS Medical Director; Genia Snyder, Dr., CMS Medical Director; Amanda Watt, Dr., CMS Medical Director

*Defendants*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Pine Bluff

_____

Submitted: September 23, 2014
Filed: October 2, 2014
[Unpublished]
_____

Before WOLLMAN, BYE, and SMITH, Circuit Judges.
_____

PER CURIAM.

Inmate Jeffery Charles Elmore appeals the district court's[1] adverse grant of summary judgment in his 42 U.S.C. § 1983 action. Upon de novo review, see Ellis v. Houston, 742 F.3d 307, 318 (8th Cir. 2014), we agree with the district court that the record did not reveal any jury issues on whether these defendants were deliberately indifferent to Elmore's ongoing skin problems, see Thompson v. King, 730 F.3d 742, 746-47 (8th Cir. 2013) (to establish that defendant knew of, but deliberately disregarded, serious medical need, plaintiff must first establish mental state akin to criminal negligence). Specifically, Elmore based his claims against the medical defendants on his unsupported beliefs, see Barber v. C1 Truck Driver Training, LLC, 656 F.3d 782, 801 (8th Cir. 2011) (to survive summary judgment, nonmovant must substantiate allegations with sufficient probative evidence permitting finding in his favor based on more than conjecture or speculation); and as the district court noted, any delay in making a proper diagnosis of his skin condition and providing the treatment for that diagnosis was, under the circumstances established by the record, at most negligence, see Thompson, 730 F.3d at 747 (deliberate indifference standard requires showing more than gross negligence); see also Dulany v. Carnahan, 132 F.3d 1234, 1239 (8th Cir. 1997) (inmates have no constitutional right to particular course of treatment, and prison doctors are free to use their independent medical judgment). To the extent Elmore has properly challenged the grant of summary judgment to

___

[1]The Honorable D.P. Marshall Jr., United States District Judge for the Eastern District of Arkansas, adopting the report and recommendations of the Honorable Beth Deere, United States Magistrate Judge for the Eastern District of Arkansas.

defendant Wendy Kelly, see Hess v. Ables, 714 F.3d 1048, 1051 n.2 (8th Cir. 2013) (by not briefing why dismissal of claim was inappropriate, claim is abandoned), we agree with the district court that the official-capacity claims for damages were barred by sovereign immunity, see Serna v. Goodno, 567 F.3d 944, 952 (8th Cir. 2009); and that there was no basis for the deliberate-indifference claim against Kelly in her individual capacity, see McRaven v. Sanders, 577 F.3d 974, 980-81(8th Cir. 2009) (prison official who is layperson may rely on medical professional's opinion if such reliance is reasonable); Lomholt v. Holder, 287 F.3d 683, 684 (8th Cir. 2002) (per curiam) (denial of grievances cannot serve as basis for constitutional claim). We reject Elmore's vague and unsupported allegations that records were falsified. Accordingly, we affirm the judgment of the district court, and we deny as moot Elmore's motion to amend.

_____